Uriel **SANCHEZ–ALVARADO,**
Petitioner,

v.

Alberto R. **GONZALES, Attorney General, Respondent.**

No. 05–75544.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 24, 2007.

Judith Goodman, Martinez–Senftner Law Firm, Roseville, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Sarah L. Weyler, Esq., U.S. Department of Justice Narcotic and Dangerous Drug Section, Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

### MEMORANDUM **

Uriel Sanchez–Alvarado, a native and citizen of Mexico, petitions for review of

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

the Board of Immigration Appeals' denial of his motion to reopen removal proceedings for consideration of new evidence of hardship pertaining to his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We deny the petition for review.

As an initial matter, we conclude that we have jurisdiction over this petition for review because the motion to reopen presented a new medical basis for relief, rather than cumulative evidence previously considered by the agency. *See Fernandez v. Gonzales,* 439 F.3d 592, 601 (9th Cir. 2006) (explaining that the court has jurisdiction to review a motion to reopen asserting a new medical basis for cancellation of removal relief).

Petitioner argues that the Board applied the wrong legal standard. We disagree. The Board considered the evidence petitioner submitted concerning his newly diagnosed hypertension and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (holding that the Board's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law."). We reject petitioner's contention that the Board erred in failing to consider evidence of his son's eye condition because petitioner presented only evidence that his son had an appointment scheduled to evaluate the condition rather than evidence of the severity of the condition itself.

**PETITION FOR REVIEW DENIED.**

